UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW MCDERMOTT<br><br>                    Plaintiff,<br><br>     - against -<br><br>ADVANCE PUBLICATIONS, INC.<br><br>                    Defendant. | Docket No. 17-cv-5475<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Matthew McDermott ("McDermott" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Advance Publications, Inc. ("API" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act.  This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of Daniela Greene, an FBI agent who married a member of ISIS.  The photographs are owned and registered by McDermott, a New York-based professional photographer.  Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. McDermott is a professional photographer having a usual place of business at 23-38 33rd Street Apt. 2F, Astoria, New York 11105.

6. Upon information and belief, API is a domestic business corporation duly organized and existing under the laws of New York with a principal place of business at 950 Fingerboard Road, Staten Island, New York, 10305.

7. At all times material hereto, Defendant has owned and operated a website at the URL: www.syracuse.com (the "Website").

8. API is a for-profit entity.

9. API publishes news content on the Website.

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photographs**

10. McDermott photographed Daniela Green, an FBI translator who married a member of the terrorist organization ISIS. (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

11. McDermott then licensed the Photographs to the New York Post.

12. On May 3, 2017, the New York Post ran an article that featured the Photographs on its web edition entitled *FBI translator who married ISIS terrorist refuses to talk about tryst.* See http://nypost.com/2017/05/03/fbi-translator-who-married-isis-terrorist-refuses-to-talk-about-tryst/

13. The New York Post included an authorship credit (also known as a "gutter credit") below the Photographs which clearly identified McDermott as the author of the Photographs. A true and correct copy of the New York Post article is attached hereto as <u>Exhibit B</u>.

14. McDermott is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

15. The Photographs were registered with the U.S. Copyright Office and were given Copyright Registration Number VA 2-053-278, effective as of June 19, 2017 (the "Certificate"). A true and correct copy of the Certificate is attached hereto as <u>Exhibit C</u>.

**B.    Defendant's Infringing Activities**

16. Upon information and belief, on May 4, 2017, Defendant ran an article on the Website entitled *FBI translator who went rogue, married ISIS terrorist, living in Syracuse, report says.* See http://www.syracuse.com/crime/index.ssf/2017/05/fbi_translator_who_went_rogue_married_isis_terrorist_living_in_syracuse_report_s.html (the "Article").

17. Defendant's Article prominently featured the Photographs. Screenshots of the Article as it appears on the Website, as well as a print-out of the Article, are attached hereto as <u>Exhibit D</u>.

18. Commercial advertisements appear adjacent to, above or below the Photographs as they appear on Defendant's Website.

19. Defendant did not license the Photographs from Plaintiff for its Article.

20. Defendant did not have Plaintiff's permission or consent to publish the Photographs on its Website.

21. Prior to displaying the Photographs on the Website, Defendant did not communicate with Plaintiff.

22. Subsequent to displaying the Photographs on the Website, Defendant did not communicate with Plaintiff.

**<u>CLAIM FOR RELIEF</u>**
**<u>(COPYRIGHT INFRINGEMENT AGAINST API)</u>**
(17 U.S.C. §§ 106, 501)

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24. Defendant infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website.

25. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

26. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

28. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

29. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

30. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

31. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant API be adjudged to have infringed upon Plaintiff's copyright in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant API be ordered to remove the Photographs from its Article on the Website;

3. That Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       September 19, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
    James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Matthew McDermott*